SAMUEL WELLS, administrator, *vs.* ANN D. WILLIAMS & others.

Suffolk. Nov. 23, 1883. — Jan. 5, 1884. C. ALLEN & HOLMES, JJ., absent.

A testator directed that the remainder of his property should be divided into three equal parts, " one part to be given to my sister A., in trust nevertheless as hereinafter provided." He then provided as follows : " I hereby give and bequeath to C., to have and to hold to him, his survivors, heirs, executors, assigns, and administrators forever, in trust nevertheless, to and for, the ends, intents, and purposes following, to take care of the said property, and from time to time, to sell and reinvest the same in real or personal property, any of the trust funds in his hands, and to pay over the whole of the net income and profits, as they accrue, to my sister A. and all, and any portion of the principal held in trust, whenever the said A. shall claim she requires the same for her comfortable support, and it so seems in the discretion of the said trustee." *Held,* that the testator's intention was to give one third of the residue of his estate to A., to be held in trust for her by the trustee named in the will.

W. ALLEN, J. This is a bill in equity, by the administrator with the will annexed of the estate of John S. Williams, asking for the construction of the eighth and ninth clauses of the will. The eighth clause is as follows : " I hereby direct that the remainder of my property shall be divided into three equal parts. One part to be given to my sister, Ann D. Williams, in trust nevertheless as hereinafter provided. One part to my sister Mary S. Langley outright, one part to my sister Helen H. Gillingham outright." The words " one part to be given to my sister, Ann D. Williams, in trust," by themselves would be ambiguous, and words must be supplied to fully express the meaning. The words " in trust " affect the condition of the part given to Ann D., and show that it is to be in trust, and that the legal and beneficial interests are to be in different persons, but do not express which interest is given to Ann D. Such words as " to hold," or " to be held," must be supplied before the words " in trust " to express the meaning fully. The context shows clearly which words were intended. Besides the intention shown by a comparison of the natures and terms of the legacies to the three sisters of the testator, the share is " in trust nevertheless as hereinafter provided."

The only other provision in the will relating to a trust is in the next succeeding clause, the ninth. The two clauses are thus directly connected, and are to be construed together. The ninth

clause commences as follows: "I hereby give and bequeath to Robert S. Covell, Boston, to have and to hold to him, his survivors, heirs, executors, assigns, and administrators forever, in trust nevertheless, to and for, the ends, intents, and purposes following, to take care of the said property, and from time to time, to sell and reinvest the same in real or personal property, any of the trust funds in his hands, and to pay over the whole of the net income and profits, as they accrue, to my sister Ann D. Williams and all, and any portion of the principal held in trust, whenever the said Ann shall claim she requires the same for her comfortable support, and it so seems in the discretion of the said trustee."

The eighth clause fixes the subject of the trust as one third of the residue, and directs that it be given to Ann D. The ninth clause names the trustee, and declares the terms of the trust. It does not repeat the description of the property given in trust, but leaves that to be supplied by intendment, there being no property except that before given to Ann D. in trust upon which it could operate, and only naming the trustee and giving to him to hold upon the trusts declared for the benefit of Ann D. Construing the two clauses together, the intention is plain to give the share to Ann D., to be held in trust for her by the trustee named.

No question has yet arisen in regard to the disposition of the share after the decease of Ann D. It does not now appear that there will then be anything to raise a question about.

The trustee for Ann D. Williams is entitled to one third of the residue; and the plaintiff, having been appointed trustee in the place of Covell, should charge himself, as trustee for her, with one third of the residue of the personal property in his hands as administrator.                    *Decree accordingly.*

*F. L. Hayes*, for the trustee.

*E. Wright*, for Ann D. Williams.